UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| WAYNE NICOLAISON, | Case No. 17-CV-4769 (JRT/DTS) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| COUNTY OF HENNEPIN, | |
| Defendant. | |

Plaintiff Wayne Nicolaison, an involuntary patient of the Minnesota Sex Offender Program ("MSOP"), has long alleged that his continuing indefinite detention at the MSOP is unlawful. Within the past 16 months alone, Nicolaison has filed both a petition for a writ of habeas corpus, *see Nicolaison v. Piper*, No. 16-CV-2777 (JRT/SER) (D. Minn. filed Aug. 18, 2016), and a civil complaint, *see Nicolaison v. Hennepin County*, No. 17-CV-1354 (JRT/SER) (D. Minn. filed Apr. 24, 2017), challenging the fact of his continuing confinement. The habeas petition was dismissed without prejudice for being "successive" within the meaning of 28 U.S.C. § 2244(b); the civil complaint was dismissed without prejudice pursuant to the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994).

Nicolaison now returns to federal court, this time again challenging the lawfulness of his ongoing detention in a civil complaint raising claims under 42 U.S.C. § 1983. Nicolaison did not pay the filing fee for this action, but instead applied for *in forma pauperis* ("IFP") status. *See* ECF Nos. 2 & 3. Those IFP applications are now before the Court and must be considered before any other action is taken in this matter.

After review of the IFP application, this Court concludes that Nicolaison qualifies financially for IFP status. That said, an action may be dismissed when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *Carter v. Schafer*, 273 Fed. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service."). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Similarly, an action brought by an IFP applicant may be summarily dismissed prior to service when found to be frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(I). "Many courts have found    and the Eighth Circuit has tacitly acknowledged    that a claim squarely barred by *Heck* from the face of the complaint is frivolous as the Supreme Court has defined that term." *Ehlers v.*

*United States Navy*, No. 16-CV-0030 (DWF/TNL), 2016 WL 1592478, at *3 (D. Minn. Mar. 14, 2016) (collecting cases).

Nicolaison's current complaint is, for all intents and purposes, identical to his previous civil complaint filed in this District. Nicolaison alleges that his continuing detention at the MSOP is unlawful because it is premised on his threat of future dangerousness and therefore violates his due-process right to the presumption of innocence. *See* Compl. at 3 [ECF No. 1]. In *Heck*, however, the Supreme Court held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [42 U.S.C.] § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Heck*, 512 U.S. at 486-87 (footnote and citation omitted). Put another way, a detainee cannot maintain a civil lawsuit that, if successful, would *necessarily* cast doubt upon the validity of his facially valid confinement.

Nicolaison, unlike the litigant in *Heck*, is not being held pursuant to a *criminal* judgment. Still, "the principles set forth in *Heck* are fully applicable to . . . detainees who are confined by reason of a civil commitment, rather than a prison sentence." *McHorse v. Minnesota*, No. 13-CV-0837, 2013 WL 2383603, at *2 (D. Minn. May 30, 2013) (citing, inter alia, *Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1139-40 (9th Cir. 2005); *Banda v. New Jersey Special Treatment Unit Annex*, 164 Fed. App'x 286, 287 (3d Cir. 2006) (per curiam); *Coffman v. Blake*,

156 Fed. Appx. 863 (8th Cir. 2005) (per curiam)).  Until Nicolaison successfully challenges the legality of his detention at MSOP through an appropriate procedural mechanism, he cannot seek relief in a civil complaint resulting solely from the fact of that putatively unlawful detention. This action must therefore be dismissed without prejudice.  *See Gautreaux v. Sanders*, 395 Fed. App'x 311, 312 (8th Cir. 2010) (per curiam) (modifying dismissal under *Heck* to be without prejudice).

Consistent with *Heck*, Nicolaison may challenge the validity of his detention through petition for a writ of habeas corpus.  Moreover, a pleading filed by an unrepresented litigant may sometimes be recharacterized as brought in the appropriate format.  *See, e.g.*, *Spencer v. Haynes*, 774 F.3d 467, 471 (8th Cir. 2014).  In this case, however, reinterpretation of Nicolaison's civil complaint as a habeas corpus petition would do little good, because, as before, his petition would be successive within the meaning of § 2244(b).  *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").  The Eighth Circuit Court of Appeals has not authorized Nicolaison to file a second or successive habeas petition raising the claims stated in the pleading now before the Court.  Accordingly, reinterpretation of Nicolaison's pleading as a habeas petition governed by § 2254 would lead to the same result: dismissal without prejudice.

Only two matters merit further comment.  First, Nicolaison has requested that the United States Marshal be ordered to effect service of process on defendant Hennepin County.  *See* ECF No. 5.  Litigants granted IFP status are entitled to service of process effected by "officers of the court."  28 U.S.C. § 1915(d).  Because it is recommended that this action be summarily

dismissed, however, it is also recommended that Nicolaison's IFP application be denied.  By that same token, it is further recommended that service of process not be effected.

Second, Nicolaison has requested that counsel be appointed to represent him in this matter.  *See* ECF No. 4.  Pro se litigants such as Nicolaison do not have a constitutional or statutory right to counsel in civil cases.  *See Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998).  Further, appointment of counsel in this matter would serve the interests of neither Nicolaison nor the Court.  Nicolaison cannot seek federal habeas corpus relief challenging the legality of his civil detention unless he first receives authorization from the Eighth Circuit Court of Appeals; an attorney would have no more success than Nicolaison has had in prosecuting habeas corpus claims in this District absent the necessary authorization.  Similarly, Nicolaison cannot, consistent with *Heck*, seek civil remedies resulting solely from the fact of his detention until that detention is declared unlawful through another mechanism; an attorney could not assist Nicolaison in overcoming this *Heck* bar.  It is therefore recommended that Nicolaison's motion for appointment of counsel also be denied.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. This action be SUMMARILY DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. Plaintiff Wayne Nicolaison's applications to proceed *in forma pauperis* [ECF Nos. 2 & 3] be DENIED.

3. Nicolaison's motion for appointment of counsel [ECF No. 4] be DENIED.

    4.      Nicolaison's motion for service of process [ECF No. 5] be DENIED.

Dated: December 11, 2017                         *s/ David T. Schultz*
                                                    DAVID T. SCHULTZ
                                                    United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).