# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | |
|---|---|
| WAYNE NICOLAISON,<br><br>                  Plaintiff,<br><br>v.<br><br>COUNTY OF HENNEPIN,<br><br>                  Defendant. | Civil No. 17-4769 (JRT/DTS)<br><br>**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION** |

Wayne Nicolaison, 1111 Highway 73, Moose Lake, MN 55767, *pro se* plaintiff.

Plaintiff Wayne Nicolaison has filed this 42 U.S.C. § 1983 action against Hennepin County, Minnesota, alleging that his indefinite civil commitment under the Minnesota Sex Offender Program ("MSOP") is unconstitutional. Magistrate Judge David T. Schultz recommended that Nicolaison's claim be dismissed without prejudice pursuant to 28 U.S.C. § 1915 because it is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Nicolaison objects that *Heck* does not apply because this is a § 1983 action, not a Habeas action. This objection misunderstands *Heck*, which applies exclusively to § 1983 actions. Because judgment in Nicolaison's favor would necessarily imply the invalidity of his commitment, *Heck* applies to bar his claim. Thus, the Court will overrule Nicolaison's objections, adopt the R&R, and dismiss the case without prejudice.

## BACKGROUND

Wayne Nicolaison pled guilty to criminal sexual misconduct in 1980 and 1984, in each case for raping a woman at knifepoint – and having committed the latter crime while on parole for the first. *See Nicolaison v. Erickson*, 65 F.3d 109, 110 (8th Cir. 1995). He repeatedly harassed female prison staff during his incarceration. *Id.* As a result of his psychopathic personality, he was civilly committed under the Minnesota Sex Offender Program in 1992. (Compl. at 3, Oct. 23, 2017, Docket No. 1.)[1] Nicolaison alleges that this commitment violates his Due Process rights because it is based solely on his risk of reoffending. (*Id.*) He also alleges violations of the Double Jeopardy and Ex Post Facto Clauses. (*Id.* at 4.) He seeks $1 million in damages per year of commitment. (*Id.*)

This action is the latest in a series brought by Nicolaison, including most recently a substantively-identical § 1983 case against Hennepin County that was dismissed because it was barred by *Heck*. (*See* Compl. at 3-4, Apr. 24, 2017, Civil No. 17-1354, Docket No. 1; Order, July 11, 2017, Civil No. 17-1354, Docket No. 9.) Before that, Nicolaison brought a Habeas petition that he voluntarily dismissed after the Magistrate Judge recommended dismissing it as an improper successive petition. (*See* Order, July 11, 2017, Civil No. 16-2777, Docket No. 20; R. & R., June 21, 2017, Civil No. 16-2777, Docket No. 17 (discussing Nicolaison's three previous unsuccessful Habeas petitions).)

Now, in considering Nicolaison's pending application to proceed *in forma pauperis*, the Magistrate Judge concluded that his latest § 1983 claim is also barred by

---

[1] Record citations refer to the present case, Civil No. 17-4769, unless otherwise noted.

*Heck*, and that it would be barred as an improper successive petition if the Court were to recharacterize it as a Habeas claim.  (Report & Recommendation ("R&R") at 4, Dec. 12, 2017, Docket No. 8.)  Nicolaison objects.  (Objs., Dec. 18, 2017, Docket No. 10.)

## DISCUSSION

### I. STANDARD OF REVIEW

Upon the filing of a report and recommendation by a magistrate judge, "a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b)(1).  "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3).

### II. ANALYSIS

Nicolaison first objects that the Magistrate Judge recommended dismissal of the Complaint because the Court has previously heard his claim.  But in fact, the Magistrate Judge recommended dismissal because *Heck* bars Nicolaison's claim.  Nicolaison's objection to that conclusion is therefore the sole question before the Court.[2]

It is worthwhile to quote the Supreme Court's holding in *Heck* at some length:

> in order to recover damages for allegedly unconstitutional
> conviction or imprisonment, or for other harm caused by
> actions whose unlawfulness would render a conviction or

---

[2] Nicolaison also objects that his Complaint is not barred as a successive Habeas petition because it is not a Habeas petition.  This objection misunderstands the R&R and is therefore without merit.  The Magistrate Judge merely explained that, if the Court were to recharacterize Nicolaison's pro se Complaint as a Habeas petition, the action would still be barred.

> sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has **not** been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

512 U.S. at 487. *Heck* applies to civilly-committed persons as well as prisoners. *See Karsjens v. Piper*, 845 F.3d 394, 406 (8th Cir. 2017), *cert. denied*, 138 S. Ct. 106 (2017).

Nicolaison's objection that *Heck* does not apply because he has not brought a Habeas action misunderstands the crux of the doctrine. *Heck* applies to § 1983 actions, not Habeas petitions. Because Nicolaison cannot demonstrate that his commitment has been invalidated, his § 1983 action is barred by *Heck* if judgment in his favor would necessarily imply the invalidity of his commitment. 512 U.S. at 487. Moreover, because courts look to the "essence" of the claim rather than the relief sought, *Heck* applies "even if the claim is for damages rather than earlier release." *Sheldon v. Hundley*, 83 F.3d 231, 233 (8th Cir. 1996); *cf. Karsjens*, 845 F.3d at 406 (holding that *Heck* does not bar claims seeking the relief of "regular, periodic assessment reviews to determine if [plaintiffs] continue to meet the standards for civil commitment" because such assessments may conclude that "none of the plaintiffs [are] eligible for release").

Nicolaison alleges that his civil commitment violates his Due Process rights, the Double Jeopardy Clause, and the Ex Post Facto Clause. Nicolaison insists that he is not seeking his release, but rather $1,000,000 in damages per year of civil commitment. Nonetheless, the essence of Nicolaison's claim is the allegation that he was unjustly deprived of his liberty. Nicolaison focuses his argument on this point, alleging that he "was entitled to his liberty upon the claim of [the] presumption of innocence." (Mem. Supp. Objs. at 7, Dec. 18, 2017, Docket No. 10.) Indeed, if Nicolaison is correct that his ongoing commitment is unconstitutional, he would necessarily have to be released. *See Sheldon*, 83 F.3d at 233-34. As such, judgment for Nicolaison would necessarily imply the invalidity of his commitment, and *Heck* squarely bars his claim.

"A claim squarely barred by *Heck* from the face of the complaint is frivolous." *Ehlers v. U.S. Navy*, No. 16-30, 2016 WL 1592478, at *3 (D. Minn. Mar. 14, 2016) (collecting cases), *R. & R. adopted sub nom. Edwin v. U.S. Navy*, No. 16-30, 2016 WL 1559136 (D. Minn. Apr. 18, 2016). For the purposes of an *in forma pauperis* application, a frivolous claim must be dismissed. 28 U.S.C. § 1915(e)(2)(B). And, though Nicolaison obliquely objects to dismissal of his action without service on the defendant, the Eighth Circuit has stated clearly that the provisions of 28 U.S.C. § 1915(e) allow for dismissal without service. *Carter v. Schafer*, 273 Fed. App'x 581, 582 (8th Cir. 2008) (per curium).

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, the Court **OVERRULES** Plaintiff's Objections [Docket No. 9] and **ADOPTS** the Report and

Recommendation of the Magistrate Judge [Docket No. 8].  **IT IS HEREBY ORDERED** that:

1. Plaintiff's applications to proceed *in forma pauperis* [Docket Nos. 2 & 3] are **DENIED**.

2. Plaintiff's motion for appointment of counsel [Docket No. 4] is **DENIED**.

3. Plaintiff's motion for service of process [Docket No. 5] is **DENIED**.

4. This action is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: January 29, 2018 _____s/John R. Tunheim_____
at Minneapolis, Minnesota.  JOHN R. TUNHEIM
Chief Judge
United States District Court

-6-